# EXHIBIT A

State of New York - Department of State
Division of Corporations

Party Served:                                          Plaintiff/Petitioner:
HOME DEPOT U.S.A., INC.                                   VILLARROEL, SERGIO

C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY,  NY 12207-2543

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 11/12/2015 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.

                                                         Very truly yours,
                                                  Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

--------------------------------------------------------------X

SERGIO VILLARROEL,

                              Plaintiff,

          -against-

HOME DEPOT U.S.A, INC. d/b/a THE HOME DEPOT,

                              Defendant.

--------------------------------------------------------------X

Index No.: 1388 /15
Date Purchased: 11/5/15
**SUMMONS**

Plaintiff designates
Queens County
as the place of trial

The basis of venue is:
Defendant's
Place of Business:
50-10 Northern Blvd.
LIC, New York

**To the above named Defendant:**

     **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Rockville Centre, New York
      October 28, 2015

                                    **DERGARABEDIAN, DILLON,**
                                      **NATHAN, MARINO & RODRIGUEZ**
                                      By: Glen P. Rodriguez, Esq.
                                        Attorneys for Plaintiff
                                        11 Clinton Avenue
                                        Rockville Centre, New York 11570
                                        (516) 766-1619

**Defendant's Address:**
HOME DEPOT U.S.A., INC.
2455 Paces Ferry Road SE
Atlanta, Georgia 30339

HOME DEPOT U.S.A., INC.
c/o Secretary of State
99 Washington Avenue
Albany, New York 12210

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
SERGIO VILLARROEL,

                                    Plaintiff,                          **VERIFIED**
                                                                        **COMPLAINT**
                    - against -
                                                                        Index No.:

HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT,

                                    Defendant.
-------------------------------------------------------------------X

Plaintiff, by his attorneys, DERGARABEDIAN, DILLON, NATHAN, MARINO & RODRIGUEZ as and for his complaint herein, respectfully alleges and sets forth as follows:

1.      That at all times hereinafter mentioned, the plaintiff, SERGIO VILLARROEL, was and still is a resident of the State of New York, County of Queens.

2.      Upon information and belief, at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT (hereinafter "The Home Depot") was a business corporation authorized to do business in the State of New York and has a store location at 50-10 Northern Boulevard, Long Island City, New York.

3.      Upon information and belief, at all times hereinafter mentioned, the defendant, THE HOME DEPOT operated, managed, maintained and controlled the aforesaid premises located at 50-10 Northern Boulevard, Long Island City, New York.

4.      The defendant undertook the duty to provide a safe environment for patrons upon the premises of THE HOME DEPOT located at 50-10 Northern Boulevard, Long Island City, New York.

5.    Upon information and belief, on and for some time prior to December 19, 2013, defendant, THE HOME DEPOT, its agents, servants, assigns and/or employees were responsible for the supervision, maintenance and repairs of the metal containers at the aforementioned premises.

6.    That on or about December 19, 2013 at approximately 10:00 p.m., the plaintiff, SERGIO VILLARROEL, was a lawful patron in THE HOME DEPOT, located at 50-10 Northern Boulevard, Long Island City, New York, when he sustained serious personal injuries due to a dangerous, hazardous and defective metal container.

7.    On and for some time prior to December 19, 2013, the defendant, its agents, servants, assigns and/or employees in disregard of their duty, failed to properly maintain and/or repair the aforesaid metal container.

8.    Defendant, by its agents, servants, assigns and/or employees were reckless, careless and negligent in the management, operation, maintenance and control of their premises; in failing to provide the plaintiff with a safe place to traverse; in failing to take any reasonable precautions to protect those persons lawfully upon said premises; in failing to take any precautions so as to avoid the happening of this accident; in causing and permitting the aforesaid metal container to become broken and dangerous; in causing and permitting the premises, including the aforesaid metal container, to become and remain in a dangerous, defective and hazardous condition; in failing to repair and/or in improperly repairing and/or maintaining the aforesaid metal container; in failing to properly and adequately inspect, monitor and maintain the aforesaid metal container within the aforementioned premises on a continuous basis; in failing to recognize the aforesaid metal container as being in a defective, dangerous and hazardous condition; in

failing to take those steps and measures necessary and proper under the circumstances then and there existing to correct said condition in order to avoid an occurrence such as the one herein and to protect the safety of the public and more particularly the plaintiff herein; in creating and maintaining a dangerous nuisance and condition upon the premises; in failing to place barricades, signs, rope off and/or otherwise secure the aforesaid metal container; in failing to post any warnings of the dangerous condition there existing; in failing to keep and maintain the premises in a safe and suitable condition; in failing to properly train, instruct and supervise agents, servants and/or employees with respect to the general maintenance and/or general repair of the aforesaid metal container; in failing to remedy a dangerous, defective and hazardous condition in a timely manner and otherwise being negligent in the premises.

9.     The defendant, its agents, servants, assigns and/or employees had actual notice of the condition herein complained of or caused and created the condition therein, or the condition herein complained of existed for a sufficient length of time prior to the happening of the accident complained of and that in the exercise of reasonable care, the defendant could have and should have such notice.

10.     The aforesaid occurrence and the injuries and damages sustained by the plaintiff were caused solely and wholly by the negligence of the defendant without any negligence on the part of the plaintiff in any way contributing thereto.

11.     As a direct and proximate result of the aforesaid accident, the plaintiff sustained serious personal injuries, has become sick, sore, lame and/or disabled; has sustained serious and severe personal injuries to plaintiff's body; may have sustained aggravation, activation, triggering, and/or precipitation of pre-existing and/or latent

condition(s), if any; has sustained great pain, agony and/or suffering; has sustained emotional and/or mental distress, suffering and/or anxiety; has sustained injuries which are and will be permanent and the plaintiff may be so disabled in the future; has required medical and/or hospital care and treatment related services and has incurred medical expenses and, upon information and belief, the same or similar treatment and/or medical expenses may be required in the future; has been prohibited and prevented from pursuing plaintiff's usual and customary daily activities and/or employment and, upon information and belief, may continue to be unable to pursue the same in the future with the same degree of efficiency and/or ability as prior to the accident.

12.    That this action falls within one or more of the exceptions set forth in C.P.L.R. Section 1602.

13.    That the plaintiff, SERGIO VILLARROEL, sustained damages in an amount which exceeds the jurisdictional limits of this Court.

WHEREFORE, plaintiff demands judgment against the defendant in an amount which exceeds the jurisdictional limits of the Courts of the State of New York, together with interest from the date of the accident, costs and disbursements of this lawsuit and for such other and further relief as this Court deems appropriate.

DERGARABEDIAN, DILLON,
NATHAN, MARINO & RODRIGUEZ
By: Glen P. Rodriguez, Esq.
Attorneys for Plaintiff
11 Clinton Avenue
Rockville Centre, New York 11570
(516) 766-1619

## VERIFICATION

STATE OF NEW YORK    )
COUNTY OF NASSAU     ) ss:

GLEN P. RODRIGUEZ, ESQ., affirms the following under the penalties of perjury:

That I am the attorney for the aforementioned Plaintiff in this instant action. I have read the foregoing **VERIFIED COMPLAINT**, and same is true to my own knowledge; that the grounds of my belief as to all matters not stated upon knowledge are correspondence and other writings furnished to my office by the Plaintiff. The reason this verification is not made by this answering Plaintiff is that he resides outside of Nassau County, which is the County where my law office is located.

Dated: October 28, 2015

**GLEN P. RODRIGUEZ, ESQ.**

STATE OF NEW YORK, COUNTY OF                                                ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐  certify that the annexed
Attorney's   has been compared by me with the original and found to be a true and complete copy thereof.
Certification

☐  say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
Attorney's                    . I have read the annexed
Verification   know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information
by           and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon
Affirmation   knowledge, is based upon the following.

        The reason I make this affirmation instead of                              is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:                                                     ..........................................................................................
                                                                    (Print signer's name below signature)

STATE OF NEW YORK, COUNTY OF                                          ss:
                                                          being sworn says: I am

☐  in the action herein; I have read the annexed
Individual   know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
Verification   information and belief, and as to those matters I believe them to be true.

☐  the                        of
Corporate   a corporation, one of the parties to the action; I have read the annexed
Verification   know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
            information and belief, and as to those matters I believe them to be true.
My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                          , 20               ..........................................................................................
                                                                    (Print signer's name below signature)
..........................................................................................

STATE OF NEW YORK, COUNTY OF                                          ss:
                                                          being sworn says: I am not a party to the action, am over 18 years of

age and reside at
        On                          , 20   , I served a true copy of the annexed
                                        in the following manner:

☐  by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service,
Service   addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address
by Mail   has been designated, is the last-known address of the addressee(s):

☐  by delivering the same personally to the persons at the address indicated below:
Personal
Service

☐  by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that
            purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received,
Service by   and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the
Facsimile   U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the
            addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐  by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter
Service by   heading that the matter being transmitted electronically is related to a court proceeding:
Electronic
Means

☐  by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the
Overnight   addressee(s) for that purpose or, if none is designated, to the last-known address of addressees(s). Said delivery was made prior to the latest
Delivery   time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:
Service

Sworn to before me on                          , 20

..........................................................................................

                                                                    ..........................................................................................
                                                                    (Print signer's name below signature)

Index No.                                          Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

*2015 11200 138*

SERGIO VILLARROEL,

Plaintiff,

-against-

HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT,

Defendant.

## SUMMONS and VERIFIED COMPLAINT

**DERGARABEDIAN, DILLON, NATHAN, MARINO & RODRIGUEZ**

*Attorneys for*

11 CLINTON AVENUE
ROCKVILLE CENTRE, NEW YORK 11570
(516) 766-1619

*To*

*Attorney(s) for*

*Service of a copy of the within* _____ *is hereby admitted.*

*Dated,*

*Attorney(s) for*

---

**PLEASE TAKE NOTICE**

☐ that the within is a (certified) true copy of a
entered in the office of
the clerk of the within named Court on

☐ that an Order of which the within is a true copy
will be presented for settlement to the
Honorable           one of
the judges of the within named Court, at
on                              at

Dated;

**DERGARABEDIAN, DILLON, NATHAN, MARINO & RODRIGUEZ**

*Attorneys for*

11 CLINTON AVENUE
ROCKVILLE CENTRE, NEW YORK 11570
(516) 766-1619

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: _____         •         _____ *Print signer's name*

**DERGARABEDIAN, DILLON, NATHAN, MARINO & RODRIGUEZ**

*Attorneys for*

11 CLINTON AVENUE
ROCKVILLE CENTRE, NEW YORK 11570
(516) 766-1619

*To*

*Attorney(s) for*

441946147

ALL-STATE INTERNATIONAL, INC.
6710R-SF • 6710R-BL • 6710R-DV • 6711R-MM
(800) 222-0510

DOS-470 (Rev. 4/08)
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

Return Service Requested



USPS CERTIFIED MAIL

9214 8969 0059 7934 6494 66

201511200128
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY,12207-2543